UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY BOWLING,

    Plaintiff,

v.

WELLPATH INC., CORIZON
HEALTH INC., KIM FERRIS,
JULIANA MARTINO, JOHN DOE
#1, JOHN DOE #2, JOHN DOE #3,
And JOHN DOE #4,

    Defendants.
_____/

Case No. 22-11897
Hon. Denise Page Hood

**ORDER ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION [ECF No. 37],**
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT [ECF NO. 20] AS TO WELLPATH INC., AND**
**DENYING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT AS TO FARRIS, MARTINO AND CORIZON HEALTH INC. [ECF NOS. 20 AND 24]**

This matter is before the Court on a Report and Recommendation [ECF No. 37] filed by Magistrate Judge Kimberly G. Altman. Plaintiff has filed one objection to the Court's Report and Recommendation as it relates to Defendant Wellpath Inc. [ECF No. 46]. Defendants Farris[1] and Martino have filed three objections to the Court's Report and Recommendation. [ECF No. 48].

---

[1] Defendant's name is spelled as it appears in Defendants' motions.

The standard of review by the district court when analyzing a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). Further, the Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**Plaintiff's Objection No. 1**

Plaintiff objects to the Court's conclusion that he has failed to exhaust his claims. [ECF No. 46, PageID.291]. Because the Court recommended that Defendants Farris and Martino's motions for summary judgment on the grounds of exhaustion be denied, [ECF No. 37, PageID.207], the Court is left to assume that Plaintiff's objection is in regards to Defendant Wellpath. The Court concludes that the Report and Recommendation refrains from addressing exhaustion as to Wellpath because the Magistrate Judge correctly concluded that Plaintiff failed to state a claim

against Wellpath. [ECF No. 37, PageID.200]. Therefore, Plaintiff's Objection No. 1 is OVERRULED.

**Defendants Farris and Martino's Objection No. 1**

Defendants Farris and Martino's first objection to the Report and Recommendation is that Magistrate Judge Altman improperly found that Plaintiff stated a claim upon which relief may be granted with respect to Plaintiff's deliberate indifference claim. Defendants contend that to the contrary, Plaintiff's claims are vague and conclusory. [ECF No. 48, PageID.298]. Defendants do not contend that the Magistrate Judge applied the wrong standard in her analysis, however, they assert that she affords Plaintiff too much leniency in analyzing his Complaint. *Id*.

It is well-settled that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, the Court holds pro so complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff alleges that at all relevant times, Defendant Farris was a Physician's Assistant and Defendant Martino was a Nurse Practitioner at Macomb Correctional Facility ("MRF"), where he was incarcerated. [ECF No. 1, PageID.2-3]. He further alleges that his medical records show that his "white blood cell levels were abnormally high as early as 9/5/17." *Id*. at PageID.4. Plaintiff further alleges that

3

"[his] blood was routinely drawn and monitored[,]" making the abnormally high white blood cell count obvious. *Id*. He further alleges that over the four-year time span, "Defendants – who had a duty to understand and interpret lab results – received routine lab results showing alarmingly high white blood cell counts and deliberately disregarded the significance of the threat those levels imposed on Bowling's health."[2] *Id*. at PageID.4-5. Plaintiff further alleges that he "remained clueless" to his condition "until the levels reached beyond critical" and that he continues to be denied treatment. *Id*. at PageID.5.

These allegations, taken as true, state facts that go beyond labels and conclusory allegations and state a plausible claim for deliberate indifference in violation of Plaintiff's Eighth Amendment rights. See *Sperle v. Michigan Dep't of Corr.*, 297 F.3d 483, 493 (6th Cir. 2002) (Plaintiffs must show that the state official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and that the state official drew the inference.); *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d (1994). Therefore, the Court agrees with the Magistrate Judge that Plaintiff's Complaint states a claim for deliberate indifference related to Defendants Farris and Martino and Defendants'

---

[2] It is important to acknowledge that the medical records provided as exhibits to Plaintiff's Complaint show that the lab results provide a side-by-side of the normal range for white blood cell count and Plaintiff's results, making the oversight of irregularity even more alarming, even to a lay person.

4

Objection No. 1 is OVERRULED. The Court further agrees that granting Plaintiff leave to amend his Complaint to include further facts would not result in prejudice to the Defendants or unduly delay this proceeding.

**Defendants Farris and Martino's Objection No. 2**

Next, Defendants contend that the Magistrate Judge improperly considered material outside Plaintiff's Complaint in denying Defendants' motion to dismiss. [ECF No. 48, PageID.299]. Defendants argue that it is inappropriate for the Magistrate Judge to "consider additional facts in Plaintiff's Response not in his Complaint," including "PA Farris' purported involvement in a 9/14/19 blood draw, as the bases for her recommendation that Defendants' Motion to Dismiss be denied." *Id*. While the Court agrees that it is confined to analyzing Plaintiff's Complaint in drawing its conclusions under Fed. R. Civ. P. 12(b)(6), the Court concludes that abstaining from consideration of the additional facts alleged in Plaintiff's Response does not tend to tip the scale in favor of dismissal. Therefore, Defendants Farris and Martino's Objection No. 2 is OVERRULED.

**Defendants Farris and Martino's Objection No. 3**

Defendants Farris and Martino's final objection to the Report and Recommendation is that Magistrate Judge Altman "improperly considered a purported third grievance[.]" [ECF No. 48, PageID.299]. Plaintiff alleges that he submitted a Step 1 grievance on September 14, 2022, against Farris, Martino, and

5

the Doctor for "refusal to render adequate medical treatment once his cancer was confirmed" to which he did not receive a timely response. [ECF No. 1, PageID.3]. He further alleges that he submitted follow up letters requesting acknowledgment or receipt of the grievance and status updates. *Id*. Defendants argue that "MDOC has no record of Plaintiff submitting the grievance" or follow up letters and "[i]f MDOC had received them, it would have provided a 'Date Received at Step 1' and a 'Grievance Identifier.'" [ECF No. 48, PageID.300]. Furthermore, "[u]nder Plaintiff's theory, MDOC violated its policies and procedures and facially ignored both his grievance and his letters following up, but Plaintiff did not sue the MDOC or the relevant grievance coordinator." *Id*.

The Court concluded that Defendants' arguments were "scant evidence that Bowling did not in fact attempt to file the grievance, and Bowling's outlined attempts to obtain the status of his grievance indicate a reasonable likelihood that he did." [ECF No. 37, PageID.206]. The Court relied on *Ross v. Blake*, 578 U.S. 632 (2016) in concluding that there is a genuine issue of fact as to whether Bowling exhausted his claims by attempting to file a grievance to resolve his treatment issues. Defendants' Objection No. 3 mischaracterizes the Court's finding. See ECF No. 48, PageID.300 ("Despite these defects, Magistrate Altman found that Plaintiff had exhausted his administrative remedies regarding Defendants Martino and Farris' treatment related to his cancer."). The *Ross* court held that "an inmate is required to

6

exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S. at 642. See *Id.* at 644 ("interference with an inmate's pursuit of relief renders the administrative process unavailable."). Defendants do not acknowledge *Ross'* holding in their objections.

It is unclear why Plaintiff never received a response to his May 14, 2022 Step 1 grievance regarding the Defendants' treatment of his cancer or any of the follow up letters. Therefore, the Court agrees with the Magistrate Judge that a question exists as to whether the grievance process was actually available to Plaintiff and whether Plaintiff exhausted all remedies before filing this lawsuit. Defendants have not shown that no genuine issue of material fact exists as to whether Plaintiff exhausted all remedies. Defendants' Objection No. 3 is OVERRULED.

For the reasons set forth above,

IT IS SO ORDERED that Magistrate Judge Kimberly G. Alman's Report and Recommendation [ECF No. 37] is ACCEPTED AND ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [ECF No. 20] is GRANTED as to Wellpath Inc. only. Wellpath Inc. is dismissed as a Defendant in this case and is no longer required to participate in these proceedings.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [ECF No.

20] is DENIED as to Defendants Farris and Martino.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [ECF No. 24] is DENIED as to Defendants Farris and Martino.

IT IS FURTHER ORDERED that Defendant Corizon, Inc.'s Motion to Dismiss [ECF No. 24] is DENIED without prejudice due to the bankruptcy stay.

IT IS FURTHER ORDERED that Plaintiff shall have 30 days from the entry of this ORDER to amend his Complaint to more fully set forth the facts regarding Farris and Martino's personal involvement.

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: September 19, 2023