UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY BOWLING,

    Plaintiff,

v.

WELLPATH INC., CORIZON
HEALTH INC., KIM FARRIS,
JULIANA MARTINO, and JOHN
DOE 1-4,

    Defendants.

_____/

Case No. 2:22-cv-11897
District Judge Denise Page Hood
Magistrate Judge Kimberly G. Altman

## ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO COMPEL (ECF No. 63) AND EXTENDING DISPOSITIVE MOTION DEADLINE

I.    Introduction

This is a civil rights case under 42 U.S.C. § 1983. On August 15, 2022, plaintiff Terry Bowling (Bowling) filed a complaint against the above-captioned defendants.[1][2] Broadly speaking, Bowling alleges that while confined at the Chippewa Correctional Facility (URF) and Macomb Correctional Facility (MRF),

---

[1] Bowling was initially proceeding *pro se* but was assigned counsel on January 25, 2024. (ECF No. 61).

[2] Wellpath has been dismissed (ECF No. 53) and proceedings have been stayed as to Corizon due to its bankruptcy. (ECF No. 31). The Doe defendants have not yet been identified.

1

defendants were deliberately indifferent to his serious medical needs by failing to timely diagnose and properly treat his chronic lymphocytic leukemia (CLL). (ECF No. 1). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 21).

Before the Court is defendants Kim Farris (Farris) and Juliana Martino's (Martino) motion to compel responses to interrogatories and requests for production. (ECF No. 63). Bowling has not responded, and the time for doing so has passed. For the reasons that follow, Farris and Martino's motion will be GRANTED and the dispositive motion deadline will be extended.

## II. Legal Standard

The scope of discovery, which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the Court. Fed. R. Civ. P. 26(b)(1); *see also State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("Further, a court has broad discretion over discovery matters, *Trepel*

*v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999), and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion."). Discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

If a party believes that another party is not complying with discovery requests, then it may file a motion to compel. Motions to compel are governed by Fed. R. Civ. P. 37(a)(3)(B), which states, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

### III.  Discussion

Farris and Martino, through counsel, say that they served Bowling with their First Interrogatories and Second Requests for Production on March 22, 2024. (ECF No. 63, PageID.394). Having received no response within thirty days, they emailed Bowling's counsel on April 29, 2024, regarding the outstanding discovery answers, but received no response. (*Id.*, PageID.394-395). Bowling's counsel did not respond to their email, nor has he responded to the Court's email inquiry to all parties on May 21, 2024, regarding the status of discovery. Counsel for Farris and Martino responded to the Court's email, indicating that their discovery requests had still not been answered.

3

Farris and Martino request that the Court (a) compel Bowling to respond to their Interrogatories and Requests for Production of Documents within ten days of issuance of this order; (b) require Bowling to agree to a deposition date to occur after their receipt of his medical records; and (c) adjourn the dispositive motion cutoff by sixty days to allow for receipt of discovery and depose Bowling prior to filing a dispositive motion.

The undersigned finds that the requested relief is reasonable and appropriate. Bowling shall have until **June 5, 2024**, to respond to Farris and Martino's outstanding discovery requests and provide signed medical authorizations. Additionally, the dispositive motion deadline is extended to **August 5, 2024**.

Bowling and his counsel are cautioned that a failure to comply with this Order may result in sanctions under Federal Rule of Civil Procedure 37.

### IV.   Conclusion

For the reasons stated above, Farris and Martino's motion to compel, (ECF No. 63), is GRANTED.  Bowling shall serve answers to Farris and Martino's discovery requests on or before June 5, 2024, and the dispositive motion deadline is extended to August 5, 2024.

SO ORDERED.

Dated: May 23, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 23, 2024.

                                                   s/Carolyn Ciesla
                                                   CAROLYN CIESLA
                                                   Case Manager